J. A. ALLISON, administrator, plaintiff in error, vs. JOHN
W. ELDER, defendant in error.

BY TWO JUDGES.—A defendant in ejectment may set up an equitable de-
fense by way of plea in Georgia.

Evidence which is relevant to the equity case thus made is properly ad-
mitted.

When a defendant who is the obligee in a bond for titles, and is sued in
ejectment by obligor to recover the land on the defendant's failure to
pay the entire purchase-money, files an equitable defense, it is error in
the Court to dismiss the case because the plaintiff declines to amend
his declaration so as to change his action to assumpsit for the recovery
of the purchase-money. 27th February, 1872.

Ejectment. Evidence. Amendment. Before Judge HAR-
RELL. Randolph Superior Court. November Term, 1871.

Allison, as administrator of Key, brought ejectment against
Elder. Elder pleaded the general issue. On the trial it
was admitted that Key had titles to the land, and that Elder
had possession of it when the suit began, under a bond for
titles from Key. That bond was in evidence. It stated
that Elder had paid Key $100 00 and given his notes for
$1,900 00 and for $1000 00, and obligated Key to make him
titles when said notes were paid. Allison testified that Elder
had paid the $1,900 00 note to him, and gave evidence as to
mesne profits. Defendant amended his plea by averring that
he bought said land, took said bond and gave his notes as
aforesaid, and had paid as aforesaid, but that he had not paid
the $1000 00 note because Key, being mistaken in his boun-
dary line, had pointed out and undertaken to convey to him,
Elder, certain land which Key did not own, which was worth
$1000 00, or some such sum. (The ejectment was to recover
the same land covered by the bond mentioned in the foregoing
case, and the amended plea set forth as an equitable defense
the averments of the bill which had been dismissed on de-
murrer.) Defendant then moved to non-suit plaintiff.

Pending that motion, plaintiff's counsel said he would
withdraw the evidence as to payment of the $1,900 00, be-

cause it was irrelevant, but the Court would not allow it. He then demurred to said amended plea, but the demurrer was overruled. The Court then asked him if he would so amend his action as to make it assumpsit for the $1000 00, and see whether he could recover under the circumstances. He declined to do this, and the Court granted the non-suit. These rulings against plaintiff are assigned as error.

Hood & Kiddoo, for plaintiff in error.

H. Fielder, for defendant.

Montgomery, Judge.

This action was brought by the administrator to recover certain lots of land sold by his intestate to defendant, John W. Elder, for $3,000 00, of which $2,000 00 had been paid. Defendants refused to pay the balance on account of alleged defect of title in the intestate to part of the land purchased. Bond for titles had been given. The condition of which defendants alleged the administrator could not comply with, on account of said defect in the titles, and that the part of the land to which the estate had no title was much more valuable per acre than any other, and that the amount so lost was worth $840 00.

The administrator testified that $2,000 00 of the purchase-money had been paid by the defendant. After the plaintiff had closed his testimony, defendants amended their plea by setting forth the facts as above detailed, having at first pleaded the general issue only, and moved for a nonsuit. Plaintiffs then moved to rule out that part of the administrator's evidence which proved payment of the first note for $2,000 00, as irrelevant. Plaintiffs motion was overruled. Plaintiff then demurred to the amended plea, and moved to strike it. This motion was also overruled. The Court granted plaintiff leave to amend his declaration so as to change it from a suit in ejectment to assumpsit to recover the balance of the purchase-money. Plaintiff declined so to amend, and

the Court granted defendant's motion for a non-suit. Plaintiff excepted : 1st. Because the Court erred in refusing to rule out the evidence of the administrator as to payment of the $2,000 00 note for irrelevancy. 2d. Because the Court erred in overruling the demurrer to the plea, and 3d, in ordering a non-suit.

We think the Court was right in overruling the motion to strike the amended plea. This Court has decided that, under our system of practice, a defendant may set up an equitable defense to an action at law by plea, and the defense set up in this case was one, which a Court of equity, under the English practice, would take cognizance of. The ruling of the Court being right on this point, the evidence of the administrator as to part payment was relevant to the equitable defense set up by the plea. Upon the third assignment of error, however, we think the ruling wrong. The plaintiff had the right to go to the jury and make whatever defense was available to him as a defendant in equity whose action of ejectment was enjoined.

Judgment reversed.